Richard J. Cooper
Lisa M. Schweitzer
Luke A. Barefoot
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Initial Debtors
and Debtors-in-Possession and
Proposed Counsel to the Subsequent
Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LATAM Airlines Group S.A., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-11254 |
| In re<br><br>TAM S.A.,<br><br>Debtor.<br><br>Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 20-11597 |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's U.S. or local tax identification number (as applicable), are: LATAM Airlines Group S.A. (59-2605885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96-9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga S.A. (96-6315202); Línea Aérea Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98-0640393); LATAM Finance Ltd. (N/A); LATAM Airlines Ecuador S.A. (98-0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services, LLC (30-1133972); Maintenance Service Experts, LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services Inc. (59-1934486); Professional Airline Maintenance Services LLC (37-1910216); Connecta Corporation (20-5157324); Peuco Finance Ltd. (N/A); Latam Airlines Perú S.A. (52-2195500); Inversiones Aéreas S.A. (N/A); Holdco Colombia II SpA (76-9310053); Holdco Colombia I SpA (76-9336885); Holdco Ecuador S.A. (76-3884082); Lan Cargo Inversiones S.A. (96-9696908); Lan Cargo Overseas Ltd. (85-7752959); Mas Investment Ltd. (85-7753009); Professional Airlines Services Inc. (65-0623014). For the purpose of these Chapter 11 Cases, the service address for the Debtors is: 6500 NW 22nd Street Miami, FL 33131.

| | |
|---|---|
| In re<br><br>TAM Linhas Aéreas S.A.<br><br>                          Debtor.<br>Tax I.D. No.: 65-0773334 | Chapter 11<br><br>Case No. 20-11598 |
| In re<br><br>Aerolinhas Brasileiras S.A.<br><br>                          Debtor.<br>Tax I.D. No.: 98-0177579 | Chapter 11<br><br>Case No. 20-11603 |
| In re<br><br>Prismah Fidelidade Ltda.<br><br>                          Debtor.<br>Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 20-11600 |
| In re<br><br>Fidelidade Viagens e Turismo S.A.<br><br>                          Debtor.<br>Tax I.D. No.: 27-2563952 | Chapter 11<br><br>Case No. 20-11601 |
| In re<br><br>TP Franchising Ltda.<br><br>                          Debtor.<br>Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 20-11602 |
| In re<br><br>Holdco I S.A.<br><br>                          Debtor.<br>Tax I.D. No.: 76-1530348 | Chapter 11<br><br>Case No. 20-11604 |

| | |
|---|---|
| In re<br><br>Multiplus Corredora de Seguros Ltda.<br><br>        Debtor.<br><br>Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 20-11599 |
| In re<br><br>Piquero Leasing Limited<br><br>        Debtor.<br><br>Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 20-11587 |

**DEBTORS' MOTION FOR AN ORDER AUTHORIZING**
**JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

TAM S.A., TAM Linhas Aéreas S.A., Aerolinhas Brasileiras S.A., Prismah Fidelidade Ltda., Fidelidade Viagens e Turismo S.A., TP Franchising Ltda., Holdco I S.A., Multiplus Corredora de Seguros Ltda. and Piquero Leasing Limited (collectively, the "Subsequent Debtors") and LATAM Airlines Group S.A. ("LATAM Parent") and its affiliated debtors and debtors-in-possession in the above-captioned jointly administered chapter 11 cases (collectively, the "Initial Debtors" and, together with the Subsequent Debtors, the "Debtors"),[2] hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the joint administration of the Debtors' related chapter 11 cases (together, the "Chapter 11 Cases"). In support of this Motion, the Debtors rely upon the *Declaration of Ramiro Alfonsín Balza in Support of First Day*

---

[2]   LATAM Parent, and its debtor and non-debtor subsidiaries and affiliates are collectively referred to as "LATAM."

*Motions and Applications in Compliance with Local Rule 1007-2* (the "First Day Declaration"), filed May 26, 2020 (ECF No. 3), incorporated herein by reference, as well as the *Second Declaration of Ramiro Alfonsín Balza in Support of the Subsequent Chapter 11 Cases* (the "Supplemental Declaration") filed contemporaneously herewith and respectfully state as follows:

## BACKGROUND

1. On May 26, 2020 (the "Initial Petition Date"), the Initial Debtors each filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Initial Chapter 11 Cases"). The Initial Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. The Initial Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules and the *Order Authorizing Joint Administration of the Debtors' Chapter 11 Cases* (ECF No. 34) entered by the Court in each of the Chapter 11 Cases (the "Consolidated Cases"). On June 5, 2020, the United States Trustee for Region 2 (the "UST") appointed an official committee of unsecured creditors (the "UCC") (ECF No. 115). No trustee or examiner has been appointed in the Initial Chapter 11 Cases.

2. On July 7 and July 9, 2020 (as applicable to each Subsequent Debtor, the "Subsequent Petition Date"), the Subsequent Debtors each filed voluntary petitions under chapter 11 of the Bankruptcy Code (together, the "Subsequent Chapter 11 Cases"). Simultaneously with the filing of this Motion, each of the Subsequent Debtors filed a motion seeking an order of joint administration of the Chapter 11 Cases with the Subsequent Chapter 11 Cases for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules.

3. As described more fully in the First Day Declaration and the Supplemental Declaration, at the beginning of 2020, LATAM was financially and operationally the strongest airline group in Latin America and poised to continue its upward trajectory, projecting growth in

all of its passenger segments, as well as its cargo business. Unfortunately, like so many businesses around the world, the unprecedented effects of the COVID-19 global pandemic have significantly affected LATAM's operations and its business plan. In April 2020, in response to the precipitous decline in air travel, LATAM reduced its passenger routes by 95%. Since the Initial Petition Date, certain countries around the world have seen a decline in the number of COVID-19 infections, but many travel restrictions and border closings remain in place, and the demand for air travel remains far below LATAM's historical average. The same issues that affected the Initial Debtors remain particularly acute for the Subsequent Debtors, who are almost entirely based in Brazil, where the number of daily COVID-19 infections continues to increase. In addition, while the Debtors had hoped that the Subsequent Debtors could continue to operate independently outside of the purview of this Court's protection, many contract counterparties and trade vendors have used the Chapter 11 filing of the Initial Debtors in order to restrict or impair trade terms, cease service, or otherwise impair the Subsequent Debtor's ability to continue to do business. Further, the Subsequent Debtors are also approaching a number of material obligations in respect of their financial indebtedness. Finally, while the Subsequent Debtors remain in discussions concerning potential government assistance in light of the pandemic, those discussions have to date not come to fruition.

4. Since the Initial Petition Date, and in light of these adverse developments, the Debtors have continued to review their business needs to determine the appropriate means of preserving value for their stakeholders. Accordingly, the Subsequent Debtors have decided to seek chapter 11 protection to preserve assets for the benefit of all stakeholders and administer their assets and businesses in a manner consistent with the Initial Debtors' larger restructuring efforts.

## JURISDICTION AND VENUE

5. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over the Chapter 11 Cases and this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

6. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b) and the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

## RELIEF REQUESTED

7. By this Motion, the Debtors request entry of the Proposed Order authorizing joint administration of these Chapter 11 Cases for procedural purposes only. The Debtors request that the Court expand the file, docket and service list for the Consolidated Cases to include each of the Subsequent Debtors and that the Subsequent Debtors, together with the Consolidated Cases, be administered under the consolidated caption:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| LATAM Airlines Group S.A., *et al.*, | Case No. 20-11254 |
| Debtors.[1] | Jointly Administered |

---

[1] The Debtors filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"), along with the last four digits of each Debtor's U.S. or local tax identification number (as applicable) are: LATAM Airlines Group S.A. (59-2605885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96-9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga S.A. (96-6315202); Línea Aérea

Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98-0640393); LATAM Finance Ltd. (N/A); LATAM Airlines Ecuador S.A. (98-0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services, LLC (30-1133972); Maintenance Service Experts, LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services Inc. (59-1934486); Professional Airline Maintenance Services LLC (37-1910216); Connecta Corporation (20-5157324); Peuco Finance Ltd. (N/A); Latam Airlines Perú S.A. (52-2195500); Inversiones Aéreas S.A. (N/A); Holdco Colombia II SpA (76-9310053); Holdco Colombia I SpA (76-9336885); Holdco Ecuador S.A. (76-3884082); Lan Cargo Inversiones S.A. (96-9696908); Lan Cargo Overseas Ltd. (85-7752959); Mas Investment Ltd. (85-7753009); Professional Airlines Services Inc. (65-0623014); Professional Airlines Services Inc. (65-0623014); Piquero Leasing Limited (N/A); TAM S.A. (N/A); TAM Linhas Aéreas S.A. (65-0773334); Aerolinhas Brasileiras S.A. (98-0177579); Prismah Fidelidade Ltda. (N/A); Fidelidade Viagens e Turismo S.A. (27-2563952); TP Franchising Ltda. (N/A); Holdco I S.A. (76-1530348) and Multiplus Corredora de Seguros Ltda. (N/A). For the purpose of these Chapter 11 Cases, the service address for the Debtors is: 6500 NW 22nd Street Miami, FL 33131.

8. The Debtors further request that an entry be made on the docket of each of the Subsequent Debtors' cases substantially as follows:

> An Order has been entered in this case under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of LATAM Airline Group S.A. and its affiliates. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in the docket of LATAM Airline Group S.A., Case No. 20-11254 and such docket should be consulted for all matters affecting this chapter 11 case.

9. Finally, the Subsequent Debtors seek authority to file the monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors-in-Possession and Trustees, issued by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), on a consolidated basis with the Initial Debtors.

**BASIS FOR RELIEF**

10. Bankruptcy Rule 1015(b) provides that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Section 101(2) of the Bankruptcy Code defines the term "affiliate" in pertinent part, as an:

> (A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .
> (B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an

> entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .
> (C) person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or
> (D) entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

*See* 11 U.S.C. 101(2).

11. Each of the Subsequent Debtors is either a direct or indirect subsidiary of LATAM Parent. As such, the Subsequent Debtors collectively, and together with the Initial Debtors, are "affiliates" within the definition of Section 101(2). Accordingly, joint administration of the Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b) and Rule 1015. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders will affect several of the Debtors. Indeed, many filings will be applicable to all of the Debtors. The failure to jointly administer these cases would thus result in numerous duplicative filings, which would then be served upon separate service lists. This duplication would be wasteful and would unnecessarily overburden the Clerk of the Court, and serve only to confuse the Debtors' creditors.

12. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

13. Section 105 of the Bankruptcy Code also provides this Court with the power to order joint administration of these Chapter 11 Cases. Section 105(a) of the Bankruptcy Code states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." *See* 11 U.S.C. § 105(a). The entry of a joint administration order in multiple related cases is common in this district and

may be entered by the Court in its sole discretion on an ex parte basis. *See, e.g.*, Order, *In re Republic Airways Servs., Inc.*, Case No. 16-10429 (SHL) (Bankr. S.D.N.Y. Feb. 25, 2016), ECF No. 3; Order, *In re Aramid Entm't Fund Ltd.*, Case No. 14-11802 (SHL) (Bankr. S.D.N.Y. July 3, 2014), ECF No. 33; Order, *In re Genco Shipping & Trading Ltd.*, Case No. 14-11108 (SHL) (Bankr. S.D.N.Y. Apr. 23, 2014), ECF No. 29; Order, *In re MPM Silicones, LLC*, Case No. 14-22503 (RDD) (Bankr. S.D.N.Y. Apr. 14, 2014), ECF No. 26; Order, *In re LodgeNet Interactive Corp.*, Case No. 13-10238 (SCC) (Bankr. S.D.N.Y. Jan. 29, 2013), ECF No. 41; Order, *In re Blockbuster, Inc.*, Case No. 10-14997 (BRL) (Bankr. S.D.N.Y. Sept. 23, 2010), ECF No. 36.[3]

14. Accordingly, the Debtors respectfully submit that joint administration, for procedural purposes only, is in the best interest of the Debtors, their creditors and other parties in interest.

**NOTICE**

15. Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel: (i) the office of the United States Trustee for the Southern District of New York; (ii) the holders of the five largest secured claims against the Subsequent Debtors (on a consolidated basis), (iii) the holders of the forty largest unsecured claims against the Subsequent Debtors (on a consolidated basis), (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) the Federal Aviation Administration; (vii) counsel for the Official Committee of Unsecured Creditors; and (viii) all others that are required to be noticed in accordance with Bankruptcy Rule 2002 and Local Rule 2002-1. The Debtors have further provided notice of this Motion in accordance with the procedures set forth in the *Order*

---

[3] Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion. Copies of these orders are available upon request of counsel to the Initial Debtors and Proposed Counsel to the Subsequent Debtors.

9

*Implementing Certain Notice and Case Management Procedures* (ECF No. 112). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

**NO PRIOR REQUEST**

16. No prior motion for the relief requested herein has been made to this or any other Court.

[*The remainder of this page is left blank intentionally*]

# **CONCLUSION**

WHEREFORE, for the reasons set forth herein the Debtors respectfully request that this Court (a) enter an order, substantially in the form attached hereto as Exhibit A and (b) grant such other and further relief as is just and proper.

| | | |
|---|---|---|
| Dated: | July 9, 2020<br>New York, New York | */s/ Luke A. Barefoot*<br>Richard J. Cooper<br>Lisa M. Schweitzer<br>Luke A. Barefoot<br>Thomas S. Kessler<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Initial Debtors<br>and Debtors-in-Possession and<br>Proposed Counsel to the Subsequent<br>Debtors and Debtors-in-Possession* |

# EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| LATAM Airlines Group S.A., *et al*. | Case No. 20-11254 |
| Debtors.[1] | Jointly Administered |

ORDER AUTHORIZING JOINT
ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

Upon the Motion[2] of TAM S.A., TAM Linhas Aéreas S.A., Aerolinhas Brasileiras S.A., Prismah Fidelidade Ltda., Fidelidade Viagens e Turismo S.A., TP Franchising Ltda., Holdco I S.A., Multiplus Corredora de Seguros Ltda. and Piquero Leasing Limited (collectively, the "Subsequent Debtors") and LATAM Airline Group S.A. ("LATAM Parent") and its affiliated debtors and debtors-in-possession in the above-captioned jointly administered Chapter 11 Cases (collectively, the "Initial Debtors" and, together with the Subsequent Debtors,

---

[1] The Debtors filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"), along with the last four digits of each Debtor's U.S. or local tax identification number (as applicable) are: LATAM Airlines Group S.A. (59-2605885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96-9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga S.A. (96-6315202); Línea Aérea Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98-0640393); LATAM Finance Ltd. (N/A); LATAM Airlines Ecuador S.A. (98-0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services, LLC (30-1133972); Maintenance Service Experts, LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services Inc. (59-1934486); Professional Airline Maintenance Services LLC (37-1910216); Connecta Corporation (20-5157324); Peuco Finance Ltd. (N/A); Latam Airlines Perú S.A. (52-2195500); Inversiones Aéreas S.A. (N/A); Holdco Colombia II SpA (76-9310053); Holdco Colombia I SpA (76-9336885); Holdco Ecuador S.A. (76-3884082); Lan Cargo Inversiones S.A. (96-9696908); Lan Cargo Overseas Ltd. (85-7752959); Mas Investment Ltd. (85-7753009); Professional Airlines Services Inc. (65-0623014); Professional Airlines Services Inc. (65-0623014); Piquero Leasing Limited (N/A); TAM S.A. (N/A); TAM Linhas Aéreas S.A. (65-0773334); Aerolinhas Brasileiras S.A. (98-0177579); Prismah Fidelidade Ltda. (N/A); Fidelidade Viagens e Turismo S.A. (27-2563952); TP Franchising Ltda. (N/A); Holdco I S.A. (76-1530348) and Multiplus Corredora de Seguros Ltda. (N/A). For the purpose of these Chapter 11 Cases, the service address for the Debtors is: 6500 NW 22nd Street Miami, FL 33131.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

the "Debtors")³ for entry of an order (this "Order") authorizing the joint administration of the Debtors' related Chapter 11 Cases; it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and it appearing that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C.§ 157(b); and this Court having found that proper and adequate notice of this Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and any objections (if any) to the Motion having been withdrawn or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Rule 1015(b), and Section 105(a) of the Bankruptcy Code, the above-captioned Chapter 11 Cases are consolidated for administrative purposes only and shall be jointly administered by this Court as Case No. Case No. 20-11254.

---

³ LATAM Parent, and its debtor and non-debtor subsidiaries and affiliates are collectively referred to as "LATAM".

2

3. The consolidated caption of the jointly administered cases shall read as follows:

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| LATAM Airlines Group S.A., *et al.*, | Case No. Case No. 20-11254 |
| Debtors.[1] | Jointly Administered |

[1] The Debtors filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"), along with the last four digits of each Debtor's U.S. or local tax identification number (as applicable) are: LATAM Airlines Group S.A. (59-2605885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96-9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga S.A. (96-6315202); Línea Aérea Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98-0640393); LATAM Finance Ltd. (N/A); LATAM Airlines Ecuador S.A. (98-0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services, LLC (30-1133972); Maintenance Service Experts, LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services Inc. (59-1934486); Professional Airline Maintenance Services LLC (37-1910216); Connecta Corporation (20-5157324); Peuco Finance Ltd. (N/A); Latam Airlines Perú S.A. (52-2195500); Inversiones Aéreas S.A. (N/A); Holdco Colombia II SpA (76-9310053); Holdco Colombia I SpA (76-9336885); Holdco Ecuador S.A. (76-3884082); Lan Cargo Inversiones S.A. (96-9696908); Lan Cargo Overseas Ltd. (85-7752959); Mas Investment Ltd. (85-7753009); Professional Airlines Services Inc. (65-0623014); Professional Airlines Services Inc. (65-0623014); Piquero Leasing Limited (N/A); TAM S.A. (N/A); TAM Linhas Aéreas S.A. (65-0773334); Aerolinhas Brasileiras S.A. (98-0177579); Prismah Fidelidade Ltda. (N/A); Fidelidade Viagens e Turismo S.A. (27-2563952); TP Franchising Ltda. (N/A); Holdco I S.A. (76-1530348) and Multiplus Corredora de Seguros Ltda. (N/A). For the purpose of these Chapter 11 Cases, the service address for the Debtors is: 6500 NW 22nd Street Miami, FL 33131.

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry shall be made in each of the Subsequent Debtors' Chapter 11 Cases, other than the docket maintained for the chapter 11 case of LATAM, substantially as follows:

> An Order has been entered in this case under rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of LATAM Airline Group S.A. and its affiliates. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in the docket of LATAM Airline Group S.A., Case No. 20-11254 and such docket should be consulted for all matters affecting this chapter 11 case.

6. Any creditor filing a proof of claim against any of the Debtors shall clearly assert such claim against the particular Debtor allegedly obligated on such claim and not against the jointly administered Debtors, except as otherwise provided in any other order of this Court.

7. The Debtors may file a single monthly operating report as required by the Operating Guidelines and Reporting Requirement for Debtors in Possession and Trustees, issued by the Executive Office of United States Trustees (rev. 11/27/13) for the jointly administered Debtors. However, the monthly operating report shall be filed on a consolidating (not consolidated) basis. The report shall contain on a consolidating basis the information required for each Debtor that tracks and breaks out all of the specific information (e.g. receipts, disbursements, etc.) on a Debtor-by-Debtor basis.

8. One consolidated docket, one file and one consolidated service list shall be maintained by LATAM and kept by the Clerk of the Court with the assistance of the notice and claims agent retained by the Debtors in these Chapter 11 Cases.

9. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise affecting a substantive consolidation of these Chapter 11 Cases.

10. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

11. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6003(b) or otherwise.

12. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation or enforcement of this Order.

Dated: _____, 2020  
      New York, New York

_____  
HONORABLE JAMES L. GARRITY JR.  
UNITED STATES BANKRUPTCY JUDGE